## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made and entered into by and between Everado Gomez ("Gomez") and Gloria Lopez ("Lopez") (collectively referred to as, the "Plaintiffs"), on behalf of themselves, their agents, assigns, attorneys, heirs, successors, executors and administrators, on the one hand, and Carroll Flats LLC (hereinafter referred to as the "Company" or "Carroll Flats"), Mordechai Spira a/k/a Mike Spira, Albert Benarroch a/k/a Albert Benarosh and a/k/a Abraham Albert and Steve Spera (collectively referred to as, the "Defendants"), on the other hand.  Plaintiffs and Defendants are hereinafter referred to as the "Parties."

WHEREAS, on or about March 17, 2022, Plaintiffs commenced an action (the "Action") against Defendants by filing a complaint in the United States District Court for the Eastern District of New York (the "Court"), bearing the caption *Everado Gomez and Gloria Lopez, individually, and on behalf of all others similarly situated, v. Carroll Flats LLC et al.,* Civil Case number 22-cv-01493, alleging, among other things, that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay Plaintiffs overtime and minimum wages, failing to provide accurate wage notice forms pursuant to NYLL § 195(1), failing to pay Plaintiffs an agreed upon wage rate, unlawful deductions, and failing to provide accurate wage statements pursuant to NYLL § 195(3) (the "Complaint");

WHEREAS, the Parties enlisted the services of Ruth D. Raisfeld, Esq., an experienced mediator, who helped with negotiations between the Parties resulting in a settlement in principle;

WHEREAS, Defendants deny all liability and allegations of wrongdoing made by the Plaintiffs and the Court has not made any findings with respect to the merits of Plaintiffs' claims asserted in the Action or otherwise;

WHEREAS, the Parties have determined it to be in their mutual interests to settle and amicably resolve the Action, without incurring the further burden, risk, and expense of continued litigation, subject to the terms and conditions set forth herein, including the Court's approval of this Agreement and the Court's exercise of continuing jurisdiction to enforce and interpret this Agreement.; and

NOW, THEREFORE, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1.      **Consideration**:  In exchange for and in consideration of the covenants and promises contained herein, including Plaintiffs' release of claims as set forth in Paragraph 3 below, and in full and final settlement of all of Plaintiffs' claims against Defendants in the Action, Defendants shall pay to Plaintiffs and their counsel the total sum of Seventy-Six Thousand Four Hundred Dollars and Zero Cents ($76,400.00) (the "Settlement Payment"), for which Defendants shall be jointly and severally liable, as follows:

(a)      **Settlement Payment**.

      (i)     Defendants shall cause a check to be made payable to "Everado Gomez" in the amount Nineteen Thousand Two Hundred Eighty-Two Dollars and Twenty-Nine Cents ($19,282.29), less applicable tax withholdings and deductions required by law, representing payment for any and all alleged unpaid overtime and other wages under the FLSA and NYLL, for which the Company will issue an IRS Form W-2 in the year that payment is made;

      (ii)    Defendants shall cause a check to be made payable to "Everado Gomez" in the amount of Nineteen Thousand Two Hundred Eighty-Two Dollars and Twenty-Nine Cents ($19,282.29), from which no taxes or deductions will be withheld, representing payment for alleged liquidated damages, statutory penalties and prejudgment interest, for which the Company will issue an IRS Form 1099-MISC, and all applicable withholdings shall be based on published withholding tables using an annual payroll period;

      (iii)   Defendants shall cause a check to be made payable to "Gloria Lopez" in the amount of Eleven Thousand Five Hundred Sixteen Dollars and Fifteen Cents ($11,516.15), from which no taxes or deductions will be withheld, representing payment for alleged liquidated damages, statutory penalties and prejudgment interest, for which the Company will issue an IRS Form 1099-MISC;

      (iv)   Defendants shall cause a check to be made payable to "Rapaport Law Firm, PLLC" in the amount of Thirteen Thousand Three Hundred Eighty-Five Dollars and Ninety-Six Cents ($13,385.96), from which no taxes or deductions will be withheld, representing payment for Plaintiffs' attorneys' fees, costs and expenses incurred in this matter, which shall be reportable on an IRS Form 1099 (Box 3); and

      (v)    Defendants shall cause a check to be made payable to "Miller Law, PLLC" in the amount of Twelve Thousand Nine Hundred Thirty-Three Dollars and Thirty One Cents ($12,933.31), from which no taxes or deductions will be withheld, representing payment for Plaintiffs' attorneys' fees, costs and expenses incurred in this matter, which shall be reportable on an IRS Form 1099 (Box 3).

      (b)    **Execution of Agreement and Stipulation and Order of Dismissal.**

      (i)     Should it be necessary to effectuate dismissal after the Court's approval of the Agreement, the Parties agree to execute and file the "Stipulation and Order of Dismissal with Prejudice," in the form annexed hereto as **Exhibit A.**

      (ii)    The Settlement Payment will be made within twenty-five (25) days, time being of the essence, following the completion of the following events: (i) receipt by counsel for Defendants of this Agreement executed by Plaintiffs; (ii) the Court's approval of this Agreement; and (iii) the Court's dismissal of the Action or direction to the Clerk of the Court to close the Action. Provided, however, that Defendants shall not be obligated to issue payment to a party or counsel until such party or counsel has provided counsel for Defendants with their completed IRS forms, namely: (i) completed W-4 and W-9 forms for Plaintiff Gomez; (ii) a completed IRS Form W-9 for Plaintiff Lopez; and (iii) a completed IRS Form W-9 from Plaintiffs' counsel, Rapaport Law Firm, PLLC and Miller Law, PLLC. The failure of a party

and/or one of the law firms to provide its/their foregoing tax forms shall not affect and/or delay Defendants' obligation to remit payments to the other payees within the 20-day time period set forth hereinabove. The Parties agree that Plaintiff Gomez may insert "applied for" in box "b" of Step 1 of his W-4 Form.

(c)    <u>Delivery of Settlement Payments to Plaintiffs and Their Counsel</u>.

(i)    Defendants shall deliver the Settlement Payment described in Paragraph 1(a) above to Plaintiffs' Counsel (Rapaport Law Firm, PLLC, 80 Eighth Avenue, Suite 206, New York, NY 10011) within the time period set forth in section 1(b)(ii) above.

(ii)    In the event that Defendants fail to remit the full Settlement Payment within the time period set forth in this Paragraph: (i) Plaintiffs may issue a notice of default to Defendants' counsel via overnight mail; (ii) if Defendants do not cure and pay all amounts due and owing within fourteen (14) days of issuance of the notice of default, the amounts due and owing will increase by 10%, including but not limited to those for attorneys' fees and costs, and (iii) if Defendants fail to deliver the full settlement amount so that it is received, in hand, at Rapaport Law Firm, PLLC within fourteen (14) days after issuance of the notice of default, Plaintiffs shall be entitled to enter judgment in the sum outstanding against Defendants, for which Defendants shall be jointly and severally responsible.

2.    **Full Payment**:    Plaintiffs agree and affirm that the payments described in Paragraph 1 above shall constitute the entire amount of monetary consideration provided to Plaintiffs and Plaintiffs' legal counsel for their wage and hour claims. This amount shall include compensation for alleged damages to Plaintiffs and for any and all harm which they may have suffered because of any acts or omissions of the Defendants as alleged in the Action, including any claims for wages, minimum wage, or overtime pay under New York and federal laws or common law. Plaintiffs agree that these payments are inclusive of any claim for attorney's fees, costs, interest and/or other expenses relating to the Action.

3.    **Release of Wage and Hour Claims**:    Provided that this Agreement is approved by the Court, in exchange for the payments identified in Paragraph 1 and in consideration of the covenants and promises contained herein, Plaintiffs, individually and on behalf of themselves and, if any, their spouse(s), domestic partner(s), children, agents, assignees, heirs, executors, beneficiaries, legal representatives and assigns, hereby waive, discharge and release, the Defendants and their current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related entities, including, but not limited to, M and I Management, Dime Management, 180 Linden Owners LLC, and its or their respective predecessors, successors, employee benefit plans, and present and former directors, officers, partners, investors, shareholders, fiduciaries, insurers, owners, employees, representatives, agents and attorneys, and their immediate family, heirs, beneficiaries, assigns, and present and/or former fiduciaries, representatives, agents and attorneys (collectively, the "Released Parties") from any and all actions, causes of action, obligations, liabilities, claims and demands which were asserted, or, if wage-related, which could have been asserted, by and/or on behalf of Plaintiffs in the Action, under the Fair Labor Standards Act, the New York State Labor Law, and/or any federal, state or local wage statute, code, or ordinance, which are related to any alleged unpaid or underpaid wages or overtime or other unpaid or underpaid wages or compensation, including

3

reimbursement for expenses, and any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, and liquidated damages, whether known or unknown, contingent or otherwise, and whether specifically mentioned in this Agreement or not, regardless of when they accrued, until the date Plaintiffs sign this Agreement.

This release of wage and hour claims includes all claims for unpaid minimum wage, overtime, commissions, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, and reimbursements, relating to Plaintiffs' alleged employment with Defendants and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action. Plaintiffs agree that they hereby waive any right that they may have to seek or to share in any relief, monetary or otherwise, relating to any claim released herein, whether such claim was initiated by them or not.

Provided this Agreement is approved by the Court, Defendants release and discharge Plaintiffs from all compulsory counterclaims to the claims asserted in their Complaint, whether actually asserted or not, related to the Action.

4.    **Claims Excluded from the Agreement**:  Nothing in this Agreement shall prohibit Plaintiffs from filing a charge or complaint with, and/or participating in any investigation or proceeding conducted by, the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the United States Securities and Exchange Commission, or any other federal, state, or local agency charged with the enforcement of any laws. Further, nothing in the Agreement shall be construed to interfere with: (a) the ability of any federal, state, or local government agency to investigate any such charge or complaint, (b) Plaintiffs' ability to communicate voluntarily with any such agency, or (c) Plaintiffs' ability to provide truthful testimony in any court, administrative, arbitration or other proceeding. Notwithstanding the foregoing, Plaintiffs waive any and all rights to recover monetary damages or other individual relief or recovery in any charge, complaint, or lawsuit filed by them or by anyone else on their behalf based on events occurring prior to the date he executes this Agreement, except for any right he may have to receive a payment from a government agency (and not the Defendants, or any of the Released Parties) for information provided to the government agency, and except where such a waiver is prohibited by law. The Parties understand that this Agreement does not release any claim that this Agreement has been breached.  This Agreement does not release any rights or claims that arise after the date of execution of this Agreement, including any claim for breach of this Agreement.

5.    **Covenant Not to Sue**: Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against the Released Parties concerning any matter released in this Agreement.  If the Plaintiffs breach the provision of this Paragraph, Released Parties will be entitled to seek recovery of their costs, including their reasonable attorney's fees, relating to the enforcement of this Agreement and/or defense of such claims. Except to enforce the terms of this Agreement, Plaintiffs shall not institute, be represented in, participate in, or permit to be submitted or filed on Plaintiffs' behalf any claim whatsoever, whether in an individual, class, collective, or other action, before any administrative agency, court, or other forum or accept any relief or recovery from or against Released Parties concerning any claims released under this Agreement. In the event any class or collective action that is brought against the Released Parties includes or may include Plaintiffs and relates to claims released under this Agreement,

4

they shall withdraw therefrom as soon practicable without obtaining or accepting any relief or recovery upon learning of Plaintiffs' inclusion or will be in breach hereof.

6.  **Submission to Court for Approval and Purposes of Dismissing the Action with Prejudice**: Failure of the Court to approve this Agreement and issue an order of dismissal with prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the Parties shall proceed in all respects as though the Agreement had not been executed. Provided, however, that the Parties shall negotiate, in good faith, to make such modifications to this Agreement as are reasonably required by the Court for the Court's approval of this Agreement.

7.  **Taxes and Withholdings**: Defendants make no representations regarding the tax treatment, taxability, and/or non-taxability of the payments referenced in Paragraph 1. Plaintiffs acknowledge that they have been advised to seek independent legal advice regarding the tax treatment, taxability, and/or non-taxability of the payments referenced in Paragraph 1 and has not relied upon any representation of Defendants on that subject. Plaintiffs understand and agree that they shall be solely and exclusively responsible for the payment of any and all federal, state and/or local taxes, including any interest and/or penalties assessed thereon, that they may owe, that is associated with the payments referenced in Paragraph 1 (or any portion thereof), except for the employer's portion of any employer paid tax associated with such payments, including the employer's share of Social Security or Medicare tax. Plaintiffs further understand that their counsel cannot provide and will not provide any tax advice and is not responsible for Plaintiffs' tax obligations on the payments referenced in Paragraph 1.

8.  **Bona Fide Dispute**: This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiffs could prevail on the merits of their claims in the Action and that the amount being paid to Plaintiffs, as set forth herein, is a fair and reasonable resolution to this *bona fide* dispute.

9.  **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by or against any Defendant under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiffs has asserted, could have asserted or may assert in connection with Plaintiffs' alleged employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiffs and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10. **Mutual Non-Disparagement**: Plaintiffs agree that they will not make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements about the Defendants, their family members, or any of the Released Parties, whether by electronic, written or oral means, to any of Defendants' past, present or future customers, competitors, employees, or to any other person (including, but not limited to, their employers, the press or other media). The language of this Paragraph 10 shall not prohibit Plaintiffs from making truthful statements about their experiences litigating this case or working for Defendants. Mike Spira and Steve Spera agree that they will not make, or cause to be made, any critical, derogatory, disparaging,

defamatory or untruthful statements about the Plaintiffs, whether by electronic, written, or oral means, to any of Plaintiff Gomez's employers, potential employers, or to any other person (including, but not limited to, the press or other media). This Paragraph 10 shall not prohibit Defendants from making truthful statements about their experiences litigating this case.

11.   **Changes to the Agreement**: No modifications or amendments to, or waiver or termination of, any terms, conditions or provisions of this Agreement may be made or enforced unless in writing and signed by all Parties.

12.   **No Other Complaints or Charges**: Plaintiffs hereby represent that other than the Action, have no pending actions, administrative charges or complaints, grievances or arbitrations involving Released Claims against any of the Released Parties. Moreover, Plaintiffs are currently unaware of any other claims other than those alleged in this lawsuit relating to their alleged employment with the Defendants.

13.   **Severability**: The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

14.   **Governing Law**: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

15.   **Jurisdiction**: The Parties expressly agree that the United States District Court for the Eastern District of New York ("EDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce, interpret or otherwise arising out of this Agreement.

16.   **Assignment of Claims**: Plaintiffs hereby represent and warrant that they have not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

17.   **Voluntary Agreement**: Plaintiffs represent and agree that:

(a)   they are not suffering from any impairment that would render them incapable of reading, considering and understanding the terms of this Agreement, and are fully able to read, consider and understand the terms of this Agreement, all of which have been explained to them;

(b)   they signed this Agreement freely and voluntarily and without duress;

(c)   no promise or representation of any kind or character, other than those contained in this Agreement, have been made by any of the Released Parties or anyone acting on their behalf to induce Plaintiffs to enter into this Agreement; and

(d)   they were advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it and have had a reasonable period of time in which to consider the terms of this Agreement before executing it.

18.  **Plaintiff Lopez Acknowledgement**:  Unless hired and employed by the Company and provided a document signed by the Company's authorized representative (Steven Spera) with express written instructions permitting her to perform work on the Company's behalf, Plaintiff Lopez acknowledges and agrees that from the date she executes this Agreement, she is not an employee or contractor of Carroll Flats LLC and will also not perform any janitorial work of any kind at the residential building located at 1730 Carroll Street, Brooklyn, NY 11213.  This provision does not prevent Plaintiff Lopez from seeking employment with the Company but is instead an acknowledgement that she is not permitted to perform any unauthorized work (including assisting Plaintiff Gomez, the building's designated live-in superintendent/janitor), at 1730 Carroll Street, Brooklyn, NY 11213.  Unauthorized work includes, without limitation, rendering any physical service in connection with the maintenance, care, or operation of a residential building (including, but not limited to assisting Plaintiff Gomez with cleaning, shoveling snow, mopping or sweeping common areas). Plaintiff Lopez's failure to comply with this provision is considered a material breach of the Agreement and may also constitute a violation of the applicable house and residential building rules of 1730 Carroll Street, Brooklyn, NY 11213, as may be updated by building management from time to time.

19.  **Full and Complete Agreement**:  This Agreement constitutes the full, complete, and entire agreement between the Parties regarding the subject matter hereof, i.e., wage and hour claims, and fully supersedes any and all prior agreements, negotiations, promises and understandings between the parties hereto.

20.  **Waiver**:  No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived.  Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein.  The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

21.  **Fair Meaning**:  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

22.  **Counterparts**:  This Agreement may be signed in counterparts, each of which shall serve as an original as against any party who signed it, and all of which together shall constitute one and the same document.  An original, a signature via DocuSign or an electronic copy of a party's signature on this Agreement shall be acceptable in any proceeding against that party to enforce this Agreement.  This Agreement may be signed and/or delivered electronically, which shall be as effective as an original document.

23.  **Headings**:  The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

24.  **Notices**: All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendants' Counsel or Plaintiffs' Counsel, respectively, as follows:

Defendants' Counsel:

William H. Ng, Esq.
Littler Mendelson, P.C.
290 Broadhollow Road, Suite 305
Melville, NY 11747
(631) 247-4700
WNg@littler.com

Plaintiffs' Counsel:

Marc A. Rapaport, Esq.
Rapaport Law Firm, PLLC
80 Eighth Avenue, Suite 206
New York, NY 10111
(212) 382-1600
mrapaport@rapaportlaw.com

Meredith R. Miller, Esq.
Miller Law, PLLC
167 Madison Avenue, Suite 503
New York, NY 10016
(347) 878-2587
meredith@millerlaw.nyc

Either Party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

   25. **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT ON THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.  PLAINTIFFS ARE ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**IN WITNESS WHEREOF,** and intending to be legally bound thereby, the Parties have caused this Agreement to be duly executed on the date below noted.

**AGREED:**

**PLAINTIFFS**

**EVERADO GOMEZ** *[signature]*
_____

Dated: 8 - 31 - 2022

**GLORIA LOPEZ** *[signature]*
_____

Dated: 8-31- 2022

**DEFENDANTS**

**CARROLL FLATS LLC**

By: _____

Dated:_____

**MORDECHAI SPIRA A/K/A MIKE SPIRA**

By: _____

Dated:_____

**ALBERT BENARROCH A/K/A ALBERT BENAROSH A/K/A ALBERT ABRAHAM**

By: _____

Dated:_____

**STEVE SPERA**

By: _____

Dated:_____

**AGREED:**

**PLAINTIFFS**

**EVERADO GOMEZ**

_____

Dated:_____

**GLORIA LOPEZ**

_____

Dated:_____

**DEFENDANTS**

**CARROLL FLATS LLC**

By: _____

Dated:_____

**MORDECHAI SPIRA A/K/A MIKE SPIRA**

By: _____

Dated:_____

**ALBERT BENARROCH A/K/A ALBERT BENAROSH A/K/A ALBERT ABRAHAM**

By: _____ _AlBer_ _____

Dated: _08/31/2022_ _____

**STEVE SPERA**

By: _____

Dated:_____

9

**AGREED:**

**PLAINTIFFS**

**EVERADO GOMEZ**

_____

Dated:_____

**GLORIA LOPEZ**

_____

Dated:_____

**DEFENDANTS**

**CARROLL FLATS LLC**

By: _____

Dated:_____8/30/22_____

**MORDECHAI SPIRA A/K/A MIKE SPIRA**

By: _____

Dated:_____8/30/22_____

**ALBERT BENARROCH A/K/A ALBERT BENAROSH A/K/A ALBERT ABRAHAM**

By: _____

Dated:_____

**STEVE SPERA**

By: _____

Dated:_____8/31/22_____

9

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERADO GOMEZ and GLORIA LOPEZ, individually, and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>-against-<br><br>CARROLL FLATS, LLC, MORDECHAI SPIRA A/K/A MIKE SPIRA, ALBERT BENARROCH A/K/A ALBERT BENAROSH and A/K/A ALBERT ABRAHAM and A/K/A ABRAHAM ALBERT and STEVE SPERA,<br><br>*Defendants.* | Case No. 22-cv-01493 (SB) |

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, and ordered by the Court, that:

(a)     the Parties' settlement of claims under the Fair Labor Standards Act is fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); and

(b)     the above-captioned action is dismissed *with prejudice* pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and without costs, disbursements or attorneys' fees to any party, except as provided for in the Parties' Settlement and Release Agreement; and

(c)     the Court shall retain jurisdiction of this matter for the sole purposes of enforcing the Parties' settlement.

**RAPAPORT LAW FIRM, PLLC**
**MILLER LAW, PLLC**

By: _____
    Marc A. Rapaport, Esq.
    Meredith Miller, Esq.
    80 Eighth Avenue, Suite 306
    New York, NY 10011

Dated: _____, 2022

**LITTLER MENDELSON, P.C.**

By: _____
    William H. Ng, Esq.
    290 Broadhollow Road, Suite 305
    Melville, New York 11747

Dated: _____, 2022

**SO ORDERED:**

_____
U.S. Magistrate Judge

Dated _____